## (April 30, 1965)

■  J. Bogat & Co., Inc., Respondent, v. John H. Hamill, Appellant.— Order, entered on March 22, 1965, insofar as it denied defendant's motion to strike the action from the calendar, unanimously modified, on the law, on the facts, and in the exercise of discretion, to the extent of permitting defendant to complete its pretrial proceedings, and, as so modified, affirmed, without costs or disbursements. In all the circumstances, including the nature of the action and the prior delay, we conclude that the refusal to strike the action from the calendar was warranted. However, we do not agree with the conclusion of Special Term that " all parties have had a reasonable opportunity to complete all preliminary proceedings." The fact that defendant took advantage of its right to appeal from the order vacating its notice for discovery and inspection, which order provided that a ruling should first be obtained from Special Term Part II as to the validity of plaintiff's objections, does not constitute a waiver by defendant with respect to its right to seek such ruling. Our conclusion that the pretrial proceedings should continue is reinforced by the fact that defendant wrote to plaintiff on two occasions — once pending the appeal, and once immediately after receiving notice of its determination — requesting that they seek rulings from Special Term Par II as provided for in the order. Plaintiff saw fit not to respond to such communications. While we do not preclude defendant from further discovery, the fact that this action should proceed to trial with expedition requires that such procedures be promptly undertaken and terminated. Accordingly, such proceedings must be concluded within 30 days from the time defendant is served with a copy of the order entered herein with notice of entry, the continuance of such pretrial procedures to in no way prejudice the position or movement of the action on the calendar. However, for extraordinary cause shown, the Justice presiding in the Calendar Part may defer the trial to allow for completion of pretrial procedures if then uncompleted. Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.